## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SHEILA BUCK,                          )
                                      )
                Plaintiff,          )
                                      )
v.                                    )          Case No. 21-CV-0295-CVE-SH
                                      )
C. J. RHOADES,                        )
in his individual capacity, et al.,   )
                                      )
                Defendants.         )

## OPINION AND ORDER

Now before the Court is defendant Colorado Security Agency's (CSA) motion for judgment on the pleadings (Dkt. # 53). CSA argues that plaintiff has not adequately alleged a claim for false imprisonment, because she makes no allegations supporting an inference that she had a right to remain on the premises after being asked to leave by security at a campaign rally for former president Donald Trump or that she was actually confined in any manner by CSA. Dkt. # 53, at 4-6. Plaintiff responds that she had a ticket to attend a campaign rally for former president Donald Trump, and she was unlawfully arrested after she refused to vacate a public street at the orders of CSA, the Secret Service, and the Tulsa Police Department (TPD). Dkt. # 73, at 6-10.

Plaintiff alleges that she obtained a ticket to attend the Great American Comeback Celebration, a campaign rally for former president Donald Trump, at the BOK Center in Tulsa, Oklahoma. Dkt. # 1, at 4. Plaintiff arrived at the event at approximately 11:30 a.m. on the day of the event, and she went through a security screening for prohibited items. Id. Plaintiff did not have any prohibited items and she was permitted to pass through the screening. Id. Plaintiff was directed to wait in a cordoned-off area outside the event on Denver Avenue, and a member of the Donald

Trump for President, Inc. (Trump Campaign) staff directed CSA and Secret Service personnel to remove plaintiff from the event.  Id. at 5.  Plaintiff was wearing a shirt that read "I can't breathe" and she had black scarf covering her head.  Id. at 4.

Plaintiff states that she was approached by Tulsa Police Department (TPD) Officers C.J. Rhoades and M.C. Parker, two Secret Service agents, and an employee of CSA, and she was informed that she was not permitted to remain within the cordoned-off area on Denver Avenue.  Id. at 5.  Plaintiff claims that she was not told why she was being asked to leave the event, and she knelt to pray on a public street outside the BOK Center.  Id.  After some conversation with Rhoades and Parker, plaintiff refused to leave and she was taken into custody by the TPD officers.  She alleges that she was arrested on a charge of obstructing a police officer.  Id.  Plaintiff claims that the Trump Campaign failed to obtain a permit from the City, and the campaign did not have the right to block city streets or assume control over public areas.  Id. at 7.

Plaintiff filed this case alleging claims against the TPD officers, the City of Tulsa (the City), two unidentified Secret Service agents, the Trump Campaign, Brad Parscale,[1] and CSA.  Plaintiff alleged claims under 42 U.S.C. § 1983 against Rhoades, Parker, the City, and the Secret Service agents (first, second, fifth, and seventh claims), a Bivens claim against the Secret Service agents (fourth claim), a false imprisonment claim under state law against CSA and the Trump Campaign (third claim), and a claim of fraudulent misrepresentation against Parscale and the Trump Campaign. Several of the defendants filed motions to dismiss, and the Court entered an opinion and order (Dkt. # 57) disposing of plaintiff's claims against certain defendants.  Plaintiff's claims against the Trump

---

[1]    Plaintiff alleges that Parscale was an employee of the Trump campaign and Parscale made the decision to have plaintiff removed from the event. Dkt. # 1, at 5.

2

campaign and Parscale were dismissed, and many of the claims against Rhoades, Parker, and the City were also dismissed. However, the Court found that plaintiff had stated § 1983 claims against Rhoades and Parker based on a violation of her First Amendment right to free speech, and plaintiff was also permitted to proceed with § 1983 claims against the City under several theories. In a separate order, the Court dismissed plaintiff's remaining claims against the Secret Service agents due to plaintiff's failure to timely serve these parties. Dkt. # 63. CSA filed an untimely motion (Dkt. # 53) to dismiss under Fed. R. Civ. P. 12(b)(6), and the Court entered an order (Dkt. # 67) advising the parties that the motion would be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed but "early enough not to delay the trial." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards applicable to motions under Rule 12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal,

556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

CSA argues that plaintiff has failed to state a claim of false imprisonment, because any confinement or arrest was the result of plaintiff's refusal to leave the campaign rally at the direction of law enforcement officers, rather a deliberate effort by CSA to impair or limit plaintiff's freedom. According to the Oklahoma Supreme Court, "[f]alse imprisonment is a common-law wilful tort." Walters v. J. C. Penney Co., 82 P.3d 578, 583 (Okla. 2003) (citing Restatement (Second) of Torts § 35 (Am. Law Inst. 1965)).  Section 35 of the Restatement (Second) of Torts identifies three essential elements to establish an actor's liability to another for false imprisonment: 1) "he intends to confine the other or a third person within boundaries fixed by the actor"; 2) "his act directly or indirectly results in such a confinement of the other"; and 3) "the other is conscious of the confinement or is harmed by it."  Restatement (Second) of Torts § 35.  Accordingly, the Oklahoma Supreme Court has found that "[a] person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or *with knowledge that such confinement will, to a substantial certainty, result from it*."  Swafford v. Vermillion, 261 P.2d 187, 191 (Okla. 1953) (internal quotations omitted and emphasis in Swafford).

In a previous opinion and order, the Court considered whether plaintiff had stated a claim of false imprisonment against Parscale and the Trump Campaign based on allegations that they directed TPD officers to remove plaintiff from the cordoned-off area on Denver Avenue.  Plaintiff's

4

complaint contains no allegations that these defendants intended to "confine" plaintiff within a particular area but, instead, the defendants were attempting to remove plaintiff from the campaign rally. Dkt. # 57, at 22. Accepting the allegations of the complaint as true, the Court inferred that plaintiff would not have been arrested by TPD officers if she had complied with their orders to leave the event, and plaintiff had not stated a plausible claim that Parscale or the Trump Campaign acted with the intent to unlawfully confine plaintiff.

For the same reasons, the Court finds that plaintiff has not adequately alleged a false imprisonment claim against CSA. The entirety of plaintiff's allegations against CSA is that an employee of CSA approached plaintiff, along with TPD officers and Secret Service agents, and asked her to leave the cordoned-off area on Denver Avenue. Dkt. # 1, at 5. The same persons allegedly told plaintiff that the campaign rally was a private event, and she claims that she was arrested at the request of CSA and the Trump Campaign. Id. at 7. Plaintiff's allegations against CSA are essentially the same as her allegations against the Trump Campaign and Parscale, and the Court finds that plaintiff's false imprisonment claim against CSA is subject to dismissal for the reasons stated in the prior opinion and order (Dkt. # 57, at 22). Plaintiff has made no allegations suggesting that CSA "confined" her in any way or that any action of CSA led to plaintiff's eventual arrest by TPD officer. Instead, plaintiff was asked to leave a private event and she was later taken into custody after disobeying orders given to her by two TPD officers. There may be legitimate grounds to debate whether the cordoned-off area was on a public street and whether plaintiff was properly exercising her right to free speech by remaining on a public street. However, there are no allegations in the complaint that suggest that any employee of CSA acted with the intent to unlawfully confine plaintiff, and CSA's motion for judgment on the pleadings should be granted.

**IT IS THEREFORE ORDERED** that defendant Colorado Security Agency's motion for judgment on the pleadings (Dkt. # 53) is **granted**, and Colorado Security Agency is **terminated** as a party defendant.

**DATED** this 2nd day of September, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE