**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHEILA BUCK )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF TULSA, OKLAHOMA, *et al.*, )<br>)<br>Defendants. ) | Case No. 21-CV-295-CVE-SH |

**PLAINTIFF'S MOTION TO RECONSIDER**

**COMES NOW** the Plaintiff, Sheila Buck ("Plaintiff" or "Ms. Buck"), and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, respectfully requests that, based on new evidence previously unavailable, this Court reconsider and revise: (A) its Order granting then-Defendants Donald J. Trump for President, Inc. and Brad Parscale's Motion to Dismiss without leave to amend (Dkt. #57); and (B) its Order granting Defendant Colorado Security Agency's Motion for Judgment on the Pleadings without leave to amend (Dkt. # 82). Plaintiff specifically requests that the Court reconsider and revise those Orders by granting Plaintiff leave to amend her Amended Complaint. In support of this Motion, Plaintiff shows the Court as follows:

**Introduction and Background**

On April 6, 2022, this Court filed its Order ruling on Rule 12(b)(6) motions to dismiss filed by Defendants Donald J. Trump for President, Inc. ("Trump Campaign") and Brad Parscale ("Parscale") (Dkt. #29) and Defendants C.J. Rhoades, M.C. Parker, and City of Tulsa (Dkt. #8). *See* Dkt. #57. As part of that April 6 Order, the Court granted in part and denied in part Defendants Rhoades, Parker, and City's Motion to Dismiss. *Id.* And the Court granted the Trump Campaign and Parscale's Motion to Dismiss **"without leave to amend."** *Id.* at 24 (emphasis in

1

original). In granting the Trump Campaign and Parscale's Motion, on Plaintiff's "false imprisonment" claim, this Court held and reasoned as follows:

> The allegations in plaintiff's complaint, taken as true for purposes of a motion to dismiss, establish that defendant Parscale, a Trump Campaign employee, directed TPD officers, Secret Service agents, and a Colorado Security employee to remove plaintiff from a cordoned-off portion of Denver Avenue. However, plaintiff did not plead sufficient facts to establish that defendants Parscale and Trump Campaign intended to confine plaintiff. See Restatement (Second) of Torts § 35. The facts plausibly establish that defendants Parscale and Trump Campaign wanted to remove plaintiff from the cordoned-off area where they were corralling ticket-holders; however, ***nothing in the facts establishes that they intended to confine plaintiff, or that confinement would, to a substantial certainty, result from defendants Parscale and Trump Campaign's order to remove her.***

Dkt. #57 at 21-22 (emphasis added).

Defendant Colorado Security Agency ("CSA" or "Colorado Security") filed a Motion to Dismiss pursuant to Rule 12(b)(6) on March 24, 2022 (Dkt. #53), which the Court converted to a Motion for Judgment on the Pleadings pursuant to Rule 12(c). See Dkt. #67. Plaintiff filed her Response on June 23, 2022 (Dkt. #73) and CSA filed its Reply on July 7, 2022 (Dkt. #74).

On August 11, 2022, through the course of discovery, CSA produced a document titled Mandatory Briefing for all Colorado Security Agency, Inc. Personnel Working in Support of Trump 2020 Campaign Events (hereinafter referred to as "Mandatory Briefing"). *See* Mandatory Briefing (Ex. 1) (filed under seal). The Mandatory Briefing, issued prior to the Trump Campaign event, was Colorado Security's policy – as dictated by the Trump 2020 Campaign – for handling protesters at this event. *Id.* at page 1, paragraph 1. Specifically, the Mandatory Briefing instructed CSA employees that their role was to assist campaign staff at Trump political rallies/events and identify and uninvite any person at the Tulsa Trump Rally whose speech, behavior, or attire was inconsistent with the Trump

2

2020 Campaign's messaging. The CSA employees were further instructed that any individual at the Trump Rally who was identified as conflicting with the Trump Campaign's messaging would be asked to leave, and if the person did not leave, then CSA was to call the police to have the individual forcibly removed and arrested. *See* Mandatory Briefing (Ex. 1) (filed under seal) at page 1, paragraph 3. Notably, the Mandatory Briefing did not require the Trump Campaign/CSA to have a permit in place before CSA staff removed any "uninvited" individuals from the event. *See, generally, Id.*

On September 2, 2022, this Court granted CSA's Motion for Judgment on the Pleadings (Dkt. #82). In the Opinion and Order, this Court held, in pertinent part, that "[f]or the same reasons" that the Court granted the Trump Campaign and Parscale's Motion to Dismiss, "the Court finds that plaintiff has not adequately alleged a false imprisonment claim against CSA." Dkt. #82 at 5. As discussed, *infra*, had Plaintiff known of and possessed the Mandatory Briefing prior to filing her Amended Complaint, she would have relied on it to plead allegations in support of her false imprisonment claims against the Trump Campaign, CSA, and Parscale that were plausible on their face and sufficient to survive Rule 12(b)(6) motions.

### Argument and Authorities

**PROPOSITION: THE COURT SHOULD RECONSIDER AND REVISE ITS ORDERS GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**

### I. The Court Should Reconsider and Revise its Orders Granting Defendants' Motions to Dismiss Based on Newly Discovered Evidence

"As the Tenth Circuit has acknowledged, the Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Massey v. Matrix Service Co.*, 2013 WL 5603805, at *1 (N.D.Okla. 2013) (quoting *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)).

3

"However, Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise an interlocutory order at any time before the entry of a final judgment." *Massey*, 2013 WL 5603805, at *1. "To determine the propriety of reconsideration under Rule 54(b), courts apply the legal standards applicable to a Rule 59(e) motion to alter or amend a judgment." *Massey*, 2013 WL 5603805, at *1 (quoting *Bays Exploration, Inc. v. PenSa, Inc.*, 2011 U.S. Dist. LEXIS 63476, at *3, 2011 WL 2441735 (W.D. Okla. June 15, 2011)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted).

When a party seeks relief based on additional evidence, "the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Massey*, 2013 WL 5603805, at *1 (citing *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012)). As stated, *supra*, Plaintiff did not know that the Mandatory Briefing existed until it was produced as a part of a set of 77 documents by CSA on August 11, 2022.

Additionally, to warrant relief under Rule 54(b) and/or Rule 59(e), the newly discovered evidence "must be of such a nature as would probably produce a different result." *Devon Energy*, 693 F.3d at 1213 (cleaned up). False imprisonment is a common-law intentional tort under Oklahoma law. *See Walters v. J.C. Penney Co.*, 2003 OK 100, ¶ 9, 82 P.3d 578, 583 (citing RESTATEMENT (SECOND) OF TORTS § 35, Comment a). The tort of false imprisonment developed from the common-law action of trespass *vi et armis*. Joseph W. Little, TORTS: THE CIVIL LAW OF REPARATION FOR HARM DONE BY WRONGFUL ACT, § 12.02 at 589,

4

591 (1985)). "The essential elements of the tort are (a) the detention of a person against his (or her) will and (b) the unlawfulness of the detention." *Walters*, 82 P.3d at 583.

It is undisputed that Plaintiff was detained against her will. This Court, however, found that "nothing in the facts establishes that [Defendants Parscale and Trump Campaign] intended to confine plaintiff, or that confinement would, to a substantial certainty, result from defendants Parscale and Trump Campaign's order to remove her." Dkt. #57 at 21-22.[1] The Mandatory Briefing makes clear, however, that CSA and the Trump Campaign intended to confine Plaintiff and/or knew that, by uninviting Plaintiff and requesting the assistance of Tulsa Police Department Officers, her confinement was substantially certain to occur. Again, the Mandatory Briefing instructed CSA employees to ask any person whose presence was deemed contrary to the Trump Campaign's messaging to leave, and if they refused, CSA – as mandated by the Trump Campaign – was to call the police and have the person arrested. *See* Mandatory Briefing (Ex. 1) (filed under seal) at page 1.

CSA and the Trump Campaign knew that by asking Plaintiff to leave a public area, at an event for which she had a ticket and no permit had been obtained, Plaintiff would be detained and arrested by TPD if she refused to leave. The Mandatory Briefing constitutes newly discovered evidence that, should Plaintiff use as the basis for new allegations in a Second Amended Complaint, would "probably produce a different result" with respect to Plaintiff's false imprisonment claims against the Trump Campaign and CSA.

## II. Plaintiff Should be Granted Leave to File a Second Amended Complaint in the Interests of Justice

---

[1] As stated, *supra*, the Court dismissed Plaintiff's claims against CSA based on the same reasoning. *See* Dkt. #82 at 5.

5

The Federal Rules of Civil Procedure state that leave to amend is to "be freely given when justice so requires." Fed.R.Civ.P. 15(a). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of an opportunity to amend is within the discretion of the district court. *Id.* "However, in exercising its discretion, the court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities." *Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10–CV–16–GKF–PJC, 2011 WL 221863, *2 (N.D. Okla. Jan. 21, 2011) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)). Refusal of a request to amend is appropriate only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Importantly, Plaintiff's counsel planned on filing a motion with this Court seeking leave to file a Second Amended Complaint, based on the Mandatory Briefing, prior to the Court's granting of CSA's Motion to Dismiss. In fact, Plaintiff's counsel had already drafted the Motion for Leave to Amend and a Proposed Second Amended Complaint – which he circulated to Defendants' counsel – when the Court entered its Order granting CSA's Motion to Dismiss. The only obstacle to filing the Motion for Leave to Amend was that on September 1, 2022, counsel for CSA re-produced the Mandatory Briefing as designated "Confidential" under the Protective Order that has been entered in this case. This new designation[2] under the Protective Order delayed the filing

---

[2] Plaintiff asserts that the designation of the Mandatory Briefing as Confidential under the Protective Order is wholly frivolous. Plaintiff will be filing a motion asking the Court to remove the Confidential designation of the Mandatory Briefing, as its contents do not warrant confidentiality as provided by the Protective Order.

of the Motion for Leave to Amend, as Plaintiff's counsel planned to attach the Mandatory Briefing as an exhibit but could not do so after September 1 without filing a Motion to File Exhibits Under Seal. The very next day, the Court granted CSA's Motion to Dismiss.

As stated, *supra*, Plaintiff's counsel has already completed a Motion for Leave to Amend that fully discusses why the four factors Courts use when determining whether to grant leave to amend strongly weigh in Plaintiff's favor. Accordingly, Plaintiff's counsel will file the Motion for Leave to Amend immediately should the Court grant the foregoing Motion to Reconsider.

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court reconsider and revise: (A) its Order granting then-Defendants Donald J. Trump for President, Inc. and Brad Parscale's Motion to Dismiss without leave to amend (Dkt. #57); and (B) its Order granting Defendant Colorado Security Agency's Motion for Judgment on the Pleadings without leave to amend (Dkt. # 82) by granting Plaintiff leave to amend her Amended Complaint.

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA#33003
**SMOLEN & ROYTMAN**
701 S. Cincinnati Ave.
Tulsa, OK   74119
(918) 585-2667
(918) 585-2669 Facsimile
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com

***ATTORNEYS FOR PLAINTIFFS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rtd day of October 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Robert M. Blakemore