UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHEILA BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0295-CVE-SH |
| | ) | |
| CITY OF TULSA, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Opposed Supplemental Motion to Stay Proceedings until Resolution of State Criminal Case (Dkt. # 153). Defendant City of Tulsa, Oklahoma (the City) asks the Court to stay the trial of this matter currently set for December 18, 2023, because there is a criminal charge pending against plaintiff Sheila Buck in Tulsa County District Court that must be resolved before this case can proceed. Plaintiff responds this case involves different factual and legal issues than the criminal case pending before the state court, and the City will not be prejudiced if both cases are permitted to proceed to trial.

Plaintiff filed this case alleging that she was arrested by two Tulsa Police Department (TPD) officers while she was lawfully protesting outside of a campaign rally for former president Donald Trump.[1] On June 20, 2020, plaintiff was walking toward the Bank of Oklahoma Center (BOK Center) to attend the campaign rally, and it is undisputed that she intended to convey a message in opposition to the Trump campaign. A TPD officer, M.C. Parker, was asked by a person associated

---

[1] The Court has entered several opinions and orders describing the factual and legal issues raised by the parties, and the Court will not recite all of the facts relevant to plaintiff's claims in this Opinion and Order. The Court's ruling on the parties' motions for summary judgment sets out the factual background of the case in greater detail. See Dkt. # 146, at 2-9.

with the campaign to "uninvite" plaintiff from the campaign rally, and Parker asked plaintiff to leave the secure area on a City street outside of the BOK Center. Instead of complying with Parker's order, plaintiff sat down on a City street and refused to leave the secure area, and Parker took plaintiff into custody. Plaintiff originally alleged claims against the City, two TPD officers, Donald J. Trump for President, Inc., Colorado Security Agency, Inc., and other individual defendants. After rulings on numerous pretrial motions, the sole claim remaining for adjudication is plaintiff's claim under 42 U.S.C. § 1983 against the City.

Plaintiff was initially arrested on a charge of trespassing, but she was later charged in state court with the misdemeanor offense of obstructing an officer in violation of OKLA. STAT. tit. 21, § 540. In May 2023, a state court judge dismissed the misdemeanor charge with prejudice to refiling, apparently due to the unavailability of a witness for the state of Oklahoma (the State). Dkt. # 153-3, at 10. On appeal, the Oklahoma Court of Criminal Appeals reversed the trial court's ruling and ordered that the misdemeanor charge against plaintiff be dismissed without prejudice to refiling. Id. at 11. The State has re-filed against plaintiff a misdemeanor charge of obstructing an officer, and a warrant for plaintiff's arrest has been issued. Dkt. # 153-1. Plaintiff has not been arrested on the re-filed misdemeanor charge. Id.

Plaintiff has filed a separate lawsuit in state court against the City's attorney in this case, Terri Michelle McGrew, asserting a claim of tortious interference with contract by McGrew based on her alleged interference with a settlement agreement reached by the parties in this case. Sheila Buck v. Terri Michelle McGrew, CJ-2023-2536 (Tulsa County District Court). According to a newspaper article, the parties reached a settlement in an amount that required approval by the City Council, and the settlement was rejected by a six to three vote. Dkt. # 156-1, at 2. The state court

denied McGrew's motion to dismiss, and McGrew has filed an answer to plaintiff's complaint. The Court has reviewed the docket sheet of plaintiff's state court lawsuit, and it does not appear that a scheduling order has been entered by the state court.

The City argues that Heck v. Humphrey, 512 U.S. 477 (1994), bars plaintiff's § 1983 claim, and plaintiff should be permitted to proceed with her claim only if she prevails in the criminal case against her. In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction of sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486. The Tenth Circuit has explained that "*Heck* bars § 1983 claims where 'a judgment in favor of the plaintiff would *necessarily* imply the invalidity of h[er] conviction or sentence.'" Torres v. Madrid, 60 F.4th 596, 600 (10th Cir. 2023). A criminal charge of resisting arrest includes as an essential element that the arrest must be lawful, and a § 1983 claim based on the conduct giving rise to a charge of resisting would necessarily require the plaintiff to prove that the arrest was unlawful. Martinez v. City of Alburquerque, 184 F.3d 1123, 1125 (10th Cir. 1999). In contrast, a § 1983 claim based on the alleged use of excessive force to effect an arrest may not necessarily be barred by Heck, because the lawfulness of the arrest may not be at issue. Id.

Neither plaintiff nor the City has fully briefed the applicability of Heck to the pending misdemeanor charge against plaintiff, and the Court declines to issue a final ruling based on the current record as to whether plaintiff's § 1983 claim implicates Heck. However, the Court will consider whether it would be in the interest of judicial economy to stay this case pending the

resolution of the other outstanding matters in which the parties are involved. This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The party requesting a stay has the burden to show that the circumstances favor an exercise of the Court's discretion to stay a case, and a stay in the interests of judicial economy is "not a matter of right." Indiana State Police Pension Trust v. Chrysler LLC, 556 U.S. 960, 961 (2009).

      The City argues that plaintiff purposefully delayed resolution of the criminal case, and the City claims that it will be substantially prejudiced if it is required to litigate a federal civil rights case that may become unnecessary if plaintiff is ultimately convicted of obstructing an officer. Dkt. # 156, at 2. Plaintiff claims that she has been "put through the ringer by the City from the day she was arrested," and she seeks the opportunity to bring her claim against the City to trial. Dkt. # 155, at 5. She argues that the criminal charge against her lacks merit, and she asserts that will be no overlap of issues between the criminal case and this civil rights case. Id. at 3-4. The Court finds that the parties' arguments clearly show that the case should be stayed pending completion of the criminal case against plaintiff and her own civil litigation against McGrew. Plaintiff's assertion that she will be prejudiced by further delay of the trial of this case are speculative, and her arguments do not tend to show that staying the case will cause any actual prejudice to her ability to prosecute her claims. Requiring the parties to resolve collateral issues before proceeding to trial on plaintiff's civil rights claim will substantially reduce the probability that the City or plaintiff will assert irrelevant and

highly prejudicial arguments concerning the merits of the criminal misdemeanor charge or McGrew's alleged misconduct during settlement negotiations. The Court also notes that the City's argument concerning the applicability of Heck is not meritless as plaintiff contends, and clarity concerning the outcome of the criminal case against plaintiff will substantially aid the Court in ruling on this issue. The parties should be given an opportunity after the completion of the criminal case against plaintiff to fully brief the applicability of Heck before the Court makes a final determination on this issue. Considering the combination of factors cited, the Court finds that this case should be stayed in the interest of judicial economy and to ensure a fair trial to all parties on plaintiff's remaining claim.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Supplemental Motion to Stay Proceedings until Resolution of State Criminal Case (Dkt. # 153) is **granted**. All pending deadlines and hearings, including the December 5, 2023 pretrial conference and the December 18, 2023 jury trial, are hereby **stricken**.

**IT IS FURTHER ORDERED** that this case is **stayed** pending resolution of the criminal case against plaintiff and the civil lawsuit filed by plaintiff in Tulsa County District Court, and the parties shall file a notice in this case no later than 15 days after the resolution of both matters.

**DATED** this 28th day of November, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE